UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


WILLIE COLE,

        Movant,

                                            File No. 1:11-cv-1309

v.

                                            HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

        Respondent.
                                       /

## **O P I N I O N**

This matter is before the Court on Movant Willie Cole's amended motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. (Dkt. No. 5.) For the reasons that follow, his motion will be denied.

Movant was indicted on April 29, 2010, on five counts of Possession with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1), (b)(1)(c), one count of Possession with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii), and one count of Felon in Possession of Firearms in violation of 18 U.S.C. §§ 921(a), 922(g)(1), 924(a)(2).

On September 7, 2010, Movant entered into a plea agreement. (File No. 1:10-cr-110, Dkt. No. 16.) As part of the plea agreement, Movant waived his right to appeal. (*Id*.) In this plea agreement, the 2010 United States Sentencing Guidelines ("Original Guidelines")[1] were

---

       [1]On August 3, 2010, Congress passed the Fair Sentencing Act of 2010 ("FSA"), Pub. L.
(continued...)

used to calculate the stipulated sentencing factors to be applied, resulting in a final offense level of 29 and creating a sentencing range of 108-135 months. (*Id*.)

On, September 10, 2010, before the defendant entered his plea, all parties were given notice that the Amended Guidelines would go into effect on November 1, 2010. Further, all parties were informed by the Court that the Amended Guidelines would likely change the sentencing range from what was stipulated in the plea agreement. (File No. 1:10-cr-110, Dkt. No. 29, Tr. 2:13-22.) Movant's counsel advised him that these changes would likely reduce his sentence. (*Id.* at 3:12-17.) Last, before entering his plea, Movant stated that he entered into the plea agreement intelligently, knowingly, and voluntarily, that he was satisfied with counsel's representation, and that he understood that he would be subject to the new sentencing provisions. (*Id.* at 4-5.) Movant pleaded guilty to one count of Possession with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii) and one count of Felon in Possession of Firearms. The remaining charges were dismissed.

On December 14, 2010, the Amended Guidelines were used at sentencing. While the Amended Guidelines lowered the base offense level by four, it contained a new two-level increase for operating a premises for the purpose of distributing a controlled substance

---

[1](...continued)
No. 111-20, which reduced the penalties for crack cocaine offenses. The FSA authorized the United States Sentencing Commission to amend the 2010 United States Sentencing Guidelines to give the reductions effect on an emergency basis. The Amended Guidelines went into effect November 1, 2010. A year later, on November 1, 2011, the Amended Guidelines were made retroactive. When referencing the differing Guidelines, the court will distinguish them as "Original Guidelines" and "Amended Guidelines" respectively.

("Premises Enhancement"). U.S.S.G. § 2D1.1(b)(12). This resulted in a final offense level of 27 and a sentencing range of 87-108 months – lower than the Original Guidelines' range. Movant was sentenced to 96 months of imprisonment. Movant did not appeal.

On December 15, 2011, Movant filed his § 2255 motion. (Dkt. No. 1.) He filed his amended motion on March 15, 2011. (Dkt. No. 5.) Movant argues that the waiver in his plea agreement is inapplicable to this motion for three reasons: (1) the waiver is invalid because, prior to Movant entering his plea, Counsel did not inform Movant of the Premises Enhancement or that the Amended Guidelines' reductions were going to be made retroactive, and thus the waiver was a product of ineffective counsel; (2) even if the waiver is valid, this motion is beyond the scope of the waiver; and (3) enforcing the waiver would result in a "miscarriage of justice." Movant's sole substantiative argument is that he was denied effective counsel because his counsel failed to object to the Premises Enhancement on ex post facto grounds. (Dkt. No. 5, Attach. 2.)

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the

3

jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either (1) "cause" and "actual prejudice"; or (2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). However, an ineffective assistance of counsel claim is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal. *Id.*

A court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements

of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Cases, Rule 4(b). Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

### III.

Movant's arguments go to two general issues: (1) the applicability of the waiver to this motion; and (2) whether Counsel was ineffective for not objecting to the Premises Enhancement or the use of the Amended Guidelines on ex post facto grounds. The Court will address each of these issues in turn.

#### A. Waiver

The Court must first address whether Movant's § 2255 motion is barred by the waiver within his plea agreement:

> [T]he Defendant knowingly waives the right to appeal any sentence that is at or below the maximum guideline range. . . . The Defendant also waives the right to challenge such a sentence and the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (except a challenge that goes to the validity of his waiver, such as a claim that the waiver was involuntary or the product of ineffective counsel).

(File No. 1:10-cr-110, Dkt. No. 16, at ¶ 11.) "A defendant may waive any right in a plea agreement, including a constitutional right, if the waiver is made knowingly and voluntarily." *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001). The Sixth Circuit has held, in

5

particular, that a movant's waiver by plea agreement of his right to directly appeal or collaterally attack his sentence is generally enforceable. *United States v. Calderon*, 388 F.3d 197 (6th Cir. 2004); *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). To allow a defendant to attempt to claim that the agreement is something different from what it unambiguously appears, would violate established contract law standards. *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986); *Ramos v. Rogers*, 170 F.3d 560, 563 (6th Cir. 1999).

### *1. Invalidity of Waiver*

A waiver of collateral attack may nonetheless be unenforceable:

> [I]n cases where a defendant argues that his plea was not knowing or voluntary, or was the product of ineffective assistance of counsel[,] it would be entirely circular for the government to argue that the defendant has waived his right to an appeal or a collateral attack when the substance of his claim challenges the very validity of the waiver itself.

*Acosta*, 480 F.3d at 422 (internal citation omitted). Movant claims that his decision to enter into a plea agreement was the "product of ineffective assistance of counsel," and that his waiver of collateral attack is consequently inapplicable to this claim.

When ineffective assistance of counsel allegations are raised in the context of a plea process, the two-pronged analysis from *Strickland v. United States*, 466 U.S. 688 (1984), applies with a minor revision. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Nagi v. United States*, 90 F.3d 130, 135-36 (6th Cir. 1996). The first prong of *Strickland* remains virtually the same – whether counsel fell below an objective standard of reasonableness. *Hill,* 474 U.S. at 58. The second prong, or "prejudice" requirement, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Id.* at 59. Movant must show a reasonable

probability that, but for counsel's errors, he would have insisted on going to trial. *Id.*; *Roe v. Lucio Flores-Ortega*, 528 U.S. 470 (2000). The Court does not need to "address both components of the inquiry if the defendant makes an insufficient showing on one. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, [then] that course should be followed." *Strickland*, 466 U.S. at 697.

Here, Movant claims that his plea agreement was not knowingly entered into because Counsel did not explain the new Premises Enhancement. (Dkt. No. 5, Attach. 2 at 31.) However, Movant made no showing that, but for Counsel's alleged errors in explaining the Amended Guidelines, Movant would have insisted on going to trial. As such, Movant has failed to show how he has been prejudiced by counsel. Even so, failure to explain every nuance of the Amended Guidelines, before they were published, would not fall below an objective standard of reasonableness.

**a) First Prong: Objectively Unreasonable**

In *Magana v. Hofbauer*, the court found ineffective assistance of counsel when the defense counsel's erroneous advice concerning sentence exposure "fell below an objective standard of reasonableness under prevailing professional norms." 263 F.3d 542, 550 (6th Cir. 2001). The Sixth Circuit has held as follows:

> A criminal defendant has a right to expect at least that his attorney will review the charges with him by explaining the elements necessary for the government to secure a conviction, discuss the evidence as it bears on those elements, and explain the sentencing exposure the defendant will face as a consequence of exercising each of the options available. In a system dominated by sentencing guidelines, we do not see how sentence exposure can be fully explained without completely exploring the ranges of penalties under likely guideline scoring scenarios, given the information available to the defendant and his lawyer at the time.

*Smith v. United States*, 348 F.3d 545, 553 (6th Cir. 2003). In *Magana*, the defense counsel demonstrated "complete ignorance of the relevant law under which his client was charged" and gave "gross misadvice." *Magana*, 263 F.3d at 548.

While "[f]amiliarity with the structure and basic content of the Guidelines . . . has become a necessity for counsel who seek to give effective representation," *United States v. Merritt*, 102 F. App'x 303, 308 (4th Cir. 2004) (quoting *United States v. Day*, 969 F.2d 39, 43 (3d Cir. 1992), plea agreements are generally held to be knowing and voluntary notwithstanding "a defense attorney's erroneous calculation and prediction of the sentencing guidelines." *United States v. Hicks*, 4 F.3d 1358, 1363 n.3 (6th Cir. 1993) (citing *United States v. Stephens*, 906 F.2d 251, 254 (6th Cir. 1990)). Failure of defense counsel to accurately predict a sentence does not constitute defective performance. *See Sullivan v. United States*, 11 F.3d 573, 576 (6th Cir. 1993); *United States v. Khouri,* 169 F. App'x 459, 464 (6th Cir. 2006); *Stephens,* 906 F.2d at 254 (holding that "[t]he fact that the range was . . . estimated incorrectly by [defendant's] counsel[ ]does not justify withdrawing his plea").

Additionally, in reviewing whether counsel was reasonable, the Supreme Court has held as follows:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. . . . [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.

*Strickland,* 466 U.S. at 689-90. Furthermore, Movant cannot claim his plea is invalid because of changes in the law. *See United States v. Bradley*, 400 F.3d 459, 464-66 (6th Cir. 2005) ("[A] voluntary plea of guilty intelligently made in light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise.") (quoting *Brady v. United States*, 397 U.S. 742, 757 (1970)).

Movant claims that it was unreasonable for Counsel to not know and warn Movant about the Premises Enhancement in the Amended Guidelines or that the Amended Guidelines' reductions were going to be made retroactive the following year. (Dkt. No. 5, Attach. 2, 31) However, the Fair Sentencing Act of 2010, Pub. L. 111-220, was signed into law only a month prior to the plea agreement, and it was reasonable for Counsel to not be fully aware of the nuances of the new act. Moreover, at the time of the plea agreement, the Amended Guidelines were still being revised and were not to take effect for another two months.[2] Further, it would have been impossible for Counsel to anticipate that Congress was going to make the changes retroactive the following year. *See Sistrunk v. Vaughn*, 96 F.3d 666, 670-71 (3d Cir. 1996) ("In making litigation decisions, there is no general duty on the part of defense counsel to anticipate changes in the law.") (internal quotations omitted).

In this case, Counsel informed Movant that, under the Original Guidelines, his sentencing range would be between 108-135 months, but that the sentencing range would

---

[2] The supplement to the Guidelines, which contained the Fair Sentencing Act amendments – including the Premises Enhancement – was released on October 18, 2010, over a month after Movant entered the plea agreement. U.S.S.G. Supplement Memo, *available at* http://www.ussc.gov/Guidelines/2010_guidelines/Manual_PDF/2010_Guidelines_Manual_Supplement.pdf.

"likely be lower" after the Amended Guidelines went into effect. (File No.1:10-cr-110, Dkt. No. 29, Tr. 2:13-22.) Given the circumstances, it would be unreasonable to require Counsel to give a more accurate prediction because the Amended Guidelines had not been written at the time of the plea agreement. Under the Amended Guidelines, Movant's recommended range was 85-108 months, and he was sentenced to 96 months. (File No. 1:10-cr-110, Dkt. No. 30.) Counsel's advice that the sentencing range would "likely be lower" under the Amended Guidelines in comparison to the Original Guidelines was factually true and objectively reasonable.

**b) Second Prong: Prejudice**

To establish prejudice, the movant must show a reasonable probability that counsel's errors affected the outcome of the proceeding. *Strickland*, 466 U.S. at 691-96. "In the context of an allegedly involuntary guilty plea, prejudice can be demonstrated by showing that 'but for counsel's errors, [the movant] would not have pleaded guilty.'" *Anderson v. Carlton Hill*, 150 F. App'x 499, 501 (6th Cir. 2005) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

Movant has not made any showing that but for Counsel's errors, Movant would not have pleaded guilty. Furthermore, Counsel did not mislead or prejudice Movant by saying that his sentence would "likely be lower" than what was stipulated in the plea agreement because it was factually accurate. However, even if Counsel provided misleading information to Movant, it was "remedied by the plea colloquy." *Boyd v. Yukins*, 9 F. App'x 699, 703, 705 (6th Cir. 2004). Prior to the plea hearing, Movant was given the plea agreement itself which stated that the stipulated sentencing guidelines could change and that the Court was not bound by the agreement in sentencing. (File No. 1:10-cr-110, Dkt. No. 16.) At the plea colloquy, the Court

10

also explicitly told Movant that the stipulated sentencing guidelines would change because of the Amended Guidelines. (File No. 1:10-cr-110, Dkt. No. 29, Tr. 2:13-22.) Movant responded that he understood those warnings. (*Id.* at 4-5.) Thus, even assuming that Counsel provided inaccurate information, "the trial court remedied any misconception by informing [Movant] of the potential maximum and minimum terms of imprisonment." *Boyd*, 99 F. App'x at 703. Movant's allegation that he did not know the possible sentencing range, or that the Amended Guidelines would be applied, is contradicted by the record.[3] Movant was "fully aware that his ultimate sentence under the agreement was subject to later determination by the court based on a variety of factors at the time he entered into it," and therefore Movant was not prejudiced by Counsel's estimations. *See Stephens,* 906 F.2d at 254.

Movant has failed to show that Counsel was objectively unreasonable or that he was prejudiced. Thus the plea agreement, and the waiver it contained, are valid.

### 2. Scope of Waiver

Alternatively, Movant claims his § 2255 motion is outside the scope of the waiver because: (1) the Premises Enhancement did not exist when the waiver was entered and thus could not have been contemplated by the waiver; (2) the waiver allowed parties "to argue additional adjustments and departures" and thus gives Movant the right to argue the merits of those adjustments or departures on appeal; and (3) the waiver is ambiguous because it

---

[3]*See Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999) ("If we were to rely on Ramos's alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statement during the plea colloquy.").

11

does not expressly exclude collateral attack on ex post facto grounds.[4] (Dkt. No. 5, Attach. 2, 32-35.)

The plea agreement unambiguously states that Movant waives all rights to make a motion under 28 U.S.C. § 2255 with the exception of challenges to the validity of the waiver. (File No. 1:10-cr-110, Dkt. No. 16, 9-10.) The use of the words "any" and "all" in the waiver makes the waiver clear and unlimited in scope. *United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004). The fact that the plea agreement pre-existed the Premise Enhancement, is irrelevant. As per the waiver, Movant would maintain the right to challenge the sentence only if it exceeded the statutory maximum or the sentence was based upon an unconstitutional factor. (File No. 1:10-cr-110, Dkt. No. 16, 9-10.) The sentence was 96 months, within the 87-108 month range of the Amended Guidelines and under the 108-135 month range of the Original Guidelines stipulated to in the plea agreement. Further, the right to seek an adjustment at sentencing does not preserve the right to appeal that adjustment. *Calderon*, 388 F.3d at 200. Therefore, Movant has waived his right to collaterally attack his sentence or conviction.

### *3. Enforcement of Waiver*

Last, Movant claims that even if this motion is barred by the waiver, enforcing the

---

[4] Movant cites *United States v. Bowman*, 634 F.3d 357 (6th Cir. 2011) in support of his claim of ambiguity. However *Bowman* is not relevant to this case. The issue in *Bowman* was whether or not the waiver language prevented a challenge of the application of U.S.S.G. § 5G1.3 to allow a federal sentence to run consecutively to a state sentence. This is not the issue in this case.

waiver would result in a "miscarriage of justice." (Dkt. No. 5, Attach. 2, at 36.) Presumably Movant is relying on the standard, put forth in *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999), for a § 2255 motion alleging non-constitutional error. However, Movant fails to explain how enforcing this waiver will result in a miscarriage of justice or a loss of substantial rights. This allegation is conclusory and not supported by the record or facts, thus it is without merit. *See Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007). Further, because Movant was sentenced within the guideline range, the sentence is presumptively reasonable, and Movant is not denied a substantive right by being barred from appealing a reasonable sentence. *See United States v. Duane*, 533 F.3d 441, 453 (6th Cir. 2008); *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006).

Because Movant knowingly, intelligently, and voluntarily entered into the plea agreement, the waiver contained within the plea agreement is valid. The waiver only allows collateral attacks going to the validity of the plea agreement. Thus the waiver bars Movant's substantive claim.

### B. Ex Post Facto

Even if the waiver was not valid, Movant's claim that Counsel was ineffective for failing to object to the Premises Enhancement on ex post facto grounds is without merit. "The purpose of the [Ex Post Facto] [C]lause is to protect citizens against a lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated." *Duane*, 533 F.3d at 445. "[A] statute violates the Clause if it is both retrospective and more onerous that the law in effect on the

13

date of the offense." *Weaver v. Graham*, 450 U.S. 24, 30-31 (1981).

While the Amended Guidelines – and the Premises Enhancement – were retrospective, they were not more onerous than the Original Guidelines which were in place at the time the crime was committed. Movant relies on the argument that he could have been sentenced under the Original Guidelines, received the Amended Guidelines' reduction retroactively, and avoided the Amended Guidelines' Premises Enhancement. (Dkt. No. 5, Attach. 2, 22-27.) Under this theory, Movant claims he would have received a sentencing range of 70-87 months, rather than the 87-108 months he was sentenced under or the 108-135 month range the Original Guidelines provided. (*Id*.) Movant claims that Counsel was ineffective for not knowing that the Amended Guidelines' reductions were going to be made retroactive and thus failing to make an objection to their use on ex post facto grounds. (*Id*. at 6-27.) This theory fails for several reasons.

Most importantly, the Amended Guidelines' reduction would not have been applied without also invoking the Premises Enhancement. "The Guidelines Manual in effect on a particular date shall be applied in its entirety." U.S.S.G. § 1B1.11(b)(2). "Under this one book rule, courts shall not apply one guideline section from one edition of the Guidelines Manual and another guidelines section from another edition." *Duane*, 533 F.3d at 447 (citing U.S.S.G. § 1B1.11(b)(2)). Thus, no matter when the Amended Guidelines' reduction was applied, whether initially or retrospectively, the Premises Enhancement would have also been applied at that time. Movant would not have had a sentencing range of 70-87 months. The

14

only ranges available to the court were the 108-135 month range of the Original Guidelines and the 87-108 month range of the Amended Guidelines.

Further, the Amended Guidelines were the appropriate guidelines to determine Movant's sentence. "Guideline policy statements provide that a sentencing court must apply the version of the Guidelines in effect at the time of sentencing unless doing so would violate the *Ex Post Facto* Clause." *Id*. (citing U.S.S.G. § 1B1.11(a), (b)(1)). The Amended Guidelines went into effect on November 1, 2010, and the Movant was sentenced on December 14, 2010. Because the 87-108 month range of the Amended Guidelines is not more onerous than the 108-135 month range of the Original Guidelines, applying the Amended Guidelines did not violate the Ex Post Facto Clause.

As such, Counsel was not ineffective for failing to object to the use of the Amended Guidelines. First, Movant's premise that Counsel was unreasonable for not predicting that Congress would make the changes retroactive the following year is baseless. S*ee Sistrunk v. Vaughn*, 96 F.3d 666, 670-71 (3d Cir. 1996). Second, even had Counsel predicted that the changes would be made retroactive, he is not required to raise futile objections, which any objection would have been. *McQueen v. Scroggy*, 99 F.3d 1302, 1328 (6th Cir. 1996); *see also United States v. Johnson*, 9 F. App'x 373, 374 (6th Cir. 2001). Because the ex post facto claim was not valid, counsel was not unreasonable nor Movant prejudiced as a result of Counsel not bringing the claim. *United States v. Martin*, 45 F. App'x 378, 381 (6th Cir. 2002) ("Failure of trial counsel to raise wholly meritless claims cannot be ineffective

assistance of counsel.") (citing *Strickland,* 466 U.S. at 686-87).

## IV.

The files and records in this case conclusively show that Movant is entitled to no relief under § 2255. Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion. For the reasons stated, Movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be denied.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability to Movant. To warrant a grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Upon review of each claim, the Court does not believe that reasonable jurists would find its assessment of Movant's claims to be debatable or wrong. Accordingly, a certificate of appealability will also be denied as to each claim.

An order and judgment consistent with this opinion shall be entered.


Dated: <u>September 27, 2012</u>  /s/ Robert Holmes Bell
                                                                ROBERT HOLMES BELL
                                                                 UNITED STATES DISTRICT JUDGE